RECEIVED
FEB 11 2016
AT 8:30_____M
WILLIAM T. WALSH, CLERK

2015R00408/MHR

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 16-51 (JHR) |
| | : | |
| v. | : | Hon. |
| | : | |
| | : | 18 U.S.C. § 371 |
| VINCENT DESTASIO | : | 42 U.S.C. § 1320a-7b(b)(1)(A) |

## INDICTMENT
(Conspiracy)

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

1. At various times relevant to this Indictment:

   a. Defendant VINCENT DESTASIO ("defendant DESTASIO") was a physician licensed in New Jersey practicing osteopathic medicine. Defendant DESTASIO operated an office in Toms River, New Jersey.

   b. Promed Practice Consultants, LLC ("PROMED"), was a marketing and sales company, specializing in the marketing and sales for, among other places, a blood testing laboratory company (hereinafter "COMPANY 1") and a DNA laboratory testing company (hereinafter "COMPANY 2").

   c. Daniel Gilman, a co-conspirator not named herein, was one of the principals of PROMED, and routinely exerted direct control over various aspects of the operations of PROMED that are relevant to this Indictment.

   d. Kenneth Robberson, a co-conspirator not named herein, was also a principal of PROMED, and among other things, recruited physicians to refer patient lab work to COMPANY 1 and COMPANY 2.

e. The Medicare program was a federal program established by the Social Security Act of 1965 (codified as amended in various sections of Title 42, United States Code) to provide medical services, medical equipment and supplies to aged, blind and disabled individuals who qualify under the Social Security Act (hereinafter "beneficiaries"). The Medicare Part B program was a federally funded supplemental insurance program that provides supplementary Medicare insurance benefits for individuals aged sixty-five or older and certain individuals who are disabled. The Medicare Part B program paid for medical services, including diagnostic blood testing for beneficiaries. The Medicare Part B program also reimbursed certain testing facilities for diagnostic tests, such as those associated with DNA screening to determine the human body's ability to metabolize medications. Medicare was a "Federal health care program" as defined in Title 42, United States Code, Section 1320a-7b(f) and a "health care benefit program" as defined in Title 18, United States Code, Section 24(b).

2. At all times relevant to this Indictment, COMPANY 1 and COMPANY 2 were both Medicare approved providers of services.

3. From in or about March 2014 through in or about May 2015, in Ocean County, in the District of New Jersey and elsewhere, defendant

VINCENT DESTASIO

did knowingly and intentionally conspire with Daniel Gilman and Kenneth Robberson to commit offenses against the United States, that is, to solicit and receive remuneration, directly and indirectly, overtly and covertly, in cash and in kind, namely, kickbacks and bribes, from Daniel Gilman and Kenneth Robberson in return for referring patients to COMPANY 1 and COMPANY 2 for the furnishing and arranging for the furnishing of items and services, that is, the referral of patient lab work, for which payment was made in whole or in part under a Federal

health care program, namely, Medicare, contrary to Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## Object of the Conspiracy

4. It was an object of the conspiracy for defendant DESTASIO to receive cash payments from Daniel Gilman and Kenneth Robberson in exchange for referring Medicare patients to COMPANY 1 and COMPANY 2.

## Manner and Means of the Conspiracy

5. It was a part of the conspiracy that Daniel Gilman and Kenneth Robberson, as principals of PROMED, received monthly commission checks from COMPANY 1 and COMPANY 2 in exchange for referrals. These commission checks were equal to ten percent of the reimbursements paid to COMPANY 1 and COMPANY 2 by various payors, including Medicare.

6. It was further part of the conspiracy that Daniel Gilman and Kenneth Robberson paid defendant DESTASIO cash bribes of as much as thousands of dollars in return for defendant DESTASIO referring his patients' lab work, including Medicare patients' lab work, to COMPANY 1 and COMPANY 2.

7. It was further part of the conspiracy that Daniel Gilman and Kenneth Robberson, after receiving the commission checks from COMPANY 1 and COMPANY 2, would identify the number of patients defendant DESTASIO referred to COMPANY 1 and COMPANY 2 and pay defendant DESTASIO a kickback for those patient referrals in cash.

8. It was further part of the conspiracy that defendant DESTASIO agreed on the value of the kickbacks that Daniel Gilman and Kenneth Robberson would pay defendant DESTASIO for each referral of lab work, to be completed by COMPANY 1 and COMPANY 2.

Overt Acts

9. In furtherance of the conspiracy, and in order to effect the object thereof, defendant DESTASIO committed or caused the commission of the following overt acts in the District of New Jersey and elsewhere:

10. On or about April 15, 2015, Daniel Gilman and Kenneth Robberson met at defendant DESTASIO's office, where Daniel Gilman and Kenneth Robberson made a $550 in cash kickback payment to defendant DESTASIO in return for defendant DESTASIO's referral of patient lab work to COMPANY 1 and COMPANY 2.

11. On or about April 23, 2015, Daniel Gilman and Kenneth Robberson met at defendant DESTASIO's office, where Daniel Gilman and Kenneth Robberson made a $400 in cash kickback payment to defendant DESTASIO in return for defendant DESTASIO's referral of patient lab work to COMPANY 1 and COMPANY 2.

12. On multiple dates between March 2014 and May 2015, defendant DESTASIO accepted approximately $25,000 in cash bribes from Daniel Gilman and Kenneth Robberson in return for defendant DESTASIO referring his patients' lab work, including Medicare patients' lab work, to COMPANY 1 and COMPANY 2.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

On or about April 15, 2015, in Ocean County, in the District of New Jersey, and elsewhere, defendant

## VINCENT DESTASIO

did knowingly and willfully solicit and receive remuneration, directly and indirectly, overtly and covertly, in cash and in kind, that is, a kickback consisting of approximately $550 in cash, from Daniel Gilman and Kenneth Robberson in return for referring patients to COMPANY 1 and COMPANY 2 for the furnishing and arranging for the furnishing of items and services for which payment may be made in whole or in part under a Federal health care program, namely, Medicare.

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 3

On or about April 23, 2015, in Ocean County, in the District of New Jersey, and elsewhere, defendant

VINCENT DESTASIO

did knowingly and willfully solicit and receive remuneration, directly and indirectly, overtly and covertly, in cash and in kind, that is, a kickback consisting of approximately $400 in cash, from Daniel Gilman and Kenneth Robberson in return for referring patients to COMPANY 1 and COMPANY 2 for the furnishing and arranging for the furnishing of items and services for which payment may be made in whole or in part under a Federal health care program, namely, Medicare.

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

1. As the result of conspiring to commit one or more of the Federal health care offenses as defined in 18 U.S.C. § 24 alleged in this Information, defendant VINCENT DESTASIO shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), all property, real and personal, that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the commission of the conspiracy to violate 42 U.S.C. § 1320a-7b(b)(1)(A), representing all property constituting or derived from gross proceeds traceable to the said conspiracy offense.

### Substitute Assets Provision

2. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third person;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

A TRUE BILL

_____
FOREPERSON

_____
PAUL J. FISHMAN
United States Attorney

CASE NUMBER: _____

United States District Court
District of New Jersey

UNITED STATES OF AMERICA

v.

VINCENT DESTASIO

INDICTMENT FOR
18 U.S.C. §371
42 U.S.C. § 1320a-7b(b)(1)(A)

PAUL J. FISHMAN
*U.S. ATTORNEY*
*NEWARK, NEW JERSEY*

MICHAEL H. ROBERTSON
*ASSISTANT U.S. ATTORNEY*
(973) 645-2779

USA-48AD 8
(Ed. 1/97)